UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA BENGOCHEA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-4343 |
| | § | |
| ALLSTATE INSURANCE COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Maria Bengochea's ("Bengochea") Motion to Remand (Doc. 5), as well as Defendants Allstate Insurance Company ("Allstate") and Advantage Environmental Solutions, LP's ("Advantage") response (Doc. 6). Upon review and consideration of this motion, the response thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Plaintiff's motion should be denied.

I. Background and Relevant Facts

This is an insurance case. On September 13, 2008, Hurricane Ike damaged Bengochea's house at 2905 Watter Road in Pasadena, Texas. (Pl.'s Original Pet., Doc. 6-1 at 2.) Bengochea had purchased an insurance policy from Allstate covering her house for windstorm, hail, and tropical cyclone damage. (Defs.' Resp. Ex. 3, Doc. 6-3 at 3.) The policy provided coverage of up to $280,000.00 for the dwelling, $162,400.00 for personal property, $56,000.00 for loss of use, $28,000.00 for other structures, and $16,240.00 for personal property off premises. (Doc. 6-3 at 3.) Bengochea reported her claim to Allstate. (Pl.'s Original Pet. ¶ 11, Doc. 6-1 at 3.) Allstate hired Advantage to adjust the claim. (*Id.*) On December 22, 2008, Advantage estimated the damage to Bengochea's house at $29,544.66. (Doc. 5-4 at 7.)

On September 12, 2010, Bengochea filed her Original Petition in the 281st Judicial

District Court of Harris County, Texas, asserting claims for fraud, breach of contract, and breach of the duty of good faith and fair dealing against Allstate, as well as violations of the Texas Insurance Code against both Allstate and Advantage. (Pl.'s Original Pet., Doc. 6-1 at 5.) On November 4, 2010, Defendant Allstate removed the case to this Court pursuant to diversity jurisdiction. (Def.'s Notice of Removal, Doc. 1.) Plaintiff Bengochea now moves for remand. (Doc. 5.)

II.  Standard of Review

Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 . . . and is between . . . citizens of different States."  28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000).  "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005).  Where federal diversity jurisdiction exists, a defendant may remove an action from a State court to the "district court of the United States for the district and division within which such action is pending . . . ."  The removing party bears the burden of establishing federal jurisdiction. *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1996); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989).

After removal a plaintiff may move for remand and, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Removal statutes are construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).  All "doubts regarding whether removal jurisdiction is proper should be resolved

against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). All factual allegations are evaluated in the light most favorable to the plaintiff. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

III. Discussion

The "fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (citing S*alazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006)). "[T]he burden of demonstrating fraudulent joinder is a heavy one." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). In the Fifth Circuit, there are two recognized ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2005) (internal quotation omitted). Under the second test, the defendant prevails only when it establishes "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* A reasonable basis for state liability requires that there be a reasonable possibility of recovery, not merely a theoretical one. *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461–62 (5th Cir. 2003).

When evaluating the plaintiff's possibility of recovering against the in-state defendant, the court may conduct "a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. Ordinarily, if a plaintiff can survive a Rule 12(b)(6)

challenge, there is no improper joinder." *Id.*; *Guillory*, 434 F.3d at 309.  The Court may also "pierce the pleadings" and "consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim."  *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross*, 344 F.3d at 462–63); *accord, Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir. 2003).  However, the Court "must evaluate all of the factual allegations in the light most favorable to the Plaintiff, resolving all contested issues of substantive fact in favor of the Plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

Bengochea argues that the Court lacks subject matter jurisdiction because the parties are not completely diverse and because the amount in controversy required for diversity jurisdiction has not been met.  Defendants respond that Bengochea improperly joined Defendant Advantage to defeat diversity jurisdiction and that the amount in controversy requirement has been satisfied.

The first question is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Advantage, the in-state defendant. *Smallwood,* 385 F.3d at 573.  Bengochea acknowledges that Allstate assigned Advantage to adjust her claim.  (Pl.'s Original Pet. ¶ 12, Doc. 6-1 at 3.)  Bengochea asserts that in adjusting the claim, "Advantage necessarily made representations about the coverage of Plaintiff's policy." (Pl.'s Mot. to Remand ¶ 16, Doc. 5 at 4.)  However, Bengochea's petition fails to plead any facts in support of her allegations.  The petition fails to allege any particular instance when Advantage subjected itself to liability separate and apart from Allstate.  Advantage was not a party to the insurance contract between Bengochea and Allstate, and it therefore owed Bengochea no duty. *See, Natividad v. Alexis, Inc.*, 875 S.W.2d 695 (Tex. 1994).

The second question is whether the amount in controversy requirement has been satisfied.

Because Bengochea's "complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003). Bengochea's total insurance coverage was for an amount in excess of $500,000.00. Although the damage to Bengochea's house was estimated at $29,544.66, Bengochea's original petition also seeks damages for violations of the Texas Insurance Code, punitive damages, and attorneys' fees. The Court therefore finds that the amount in controversy required for diversity jurisdiction satisfied.

IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Plaintiff Maria Bengochea's Motion to Remand (Doc. 5) is **DENIED**.

Defendant Advantage Environmental Solutions, LP is **DISMISSED**.

SIGNED at Houston, Texas, this 26th day of July, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE